UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL LIOGGHIO and HARRY LIOGGHIO,

    Plaintiffs,

v.

Case No. 15-12803
Honorable Denise Page Hood

TOWNSHIP OF SALEM, et al.,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiffs Carol Liogghio and Harry Liogghio's Motion for Reconsideration. (Doc. No. 34) On August 9, 2016, the Court entered an Order Granting Defendants' Partial Motion to Dismiss. (Doc. No. 33)

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the

> parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

The Court finds that Plaintiffs' motion merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication. Plaintiffs assert that this Court dismissed certain claims without the benefit of discovery. This argument is without merit since Defendants' motion was filed under Rule 12(b)(6) which requires the Court to review a plaintiff's allegations in the pleading only, in this case the Amended Complaint. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...."). Plaintiffs failed to demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the

motion have been misled.  Plaintiffs have not shown the Court clearly erred in its August 9, 2016 Order dismissing certain claims.[1]

Accordingly,

IT IS ORDERED that Plaintiffs' Motion for Reconsideration **(Doc. No. 34)** is DENIED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  February 7, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

---

[1] Plaintiffs submitted the Supreme Court case, *Green v. Brennan*, 136 S.Ct. 1769 (2016) which held that the statute of limitations in a constructive discharge claim begins to run when an employee gives an employer notice of his or her resignation.  The Court's August 9, 2016 Order did not address this issue since Defendants did not move to dismiss the First Amendment retaliation claim based on the statute of limitations.  As to the claim under Michigan's Whistleblowers' Protection Act, Plaintiff Carol Liogghio voluntarily dismissed this claim.  (See Resp., Doc. No. 24, Pg ID 160 ("After careful review and research, plaintiff voluntarily dismisses her Whistleblower's cause of action."))